UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                Chapter 7

JOSEPH MANNONE,
                                                                         Case No.  14-70247-reg

            Debtor.

-------------------------------------------------------------X

**Memorandum Decision**

This matter is before the Court pursuant to a motion ("Motion") filed by Marc A. Pergament, the Chapter 7 trustee ("Trustee") in the case of Joseph Mannone ("Debtor") to approve the sale of the Debtor's home pursuant to 11 U.S.C. § 363(b) to 78 State Property Management Inc. (the "Purchaser").  In the Motion, the Trustee seeks to (1) conduct a sale of the Debtor's home to the Purchaser, subject to existing mortgages and liens, for the agreed purchase price of $20,000, and (2) obtain an order directing the Debtor and his family to vacate the Debtor's home.  Although the mortgage encumbering the home exceeds the value of the home as set forth in the Debtor's schedules, the Purchaser has agreed to take title to the home subject to the mortgage lien, and to pay the Trustee $20,000.00.  The Trustee claims the Debtor's estate will realize the benefit of the entire $20,000.00 to be paid by the Purchaser.

The Debtor opposes the Motion on several grounds.  The Debtor challenges the Trustee's authority to sell estate property where there is no equity remaining after taking into account the mortgage debt encumbering the home, and asserts that even if there was equity, the Debtor's claimed homestead exemption would need to be satisfied in full before the estate received any

benefit. The Trustee asks that the Court overrule the Debtor's objections, and asserts that the Debtor no longer has the right to assert his claimed homestead exemption against the $20,000.00 because the value of the Debtor's home is substantially less than the amount of the mortgage lien encumbering the home. The Trustee's valuation is based on the information provided in the Debtor's schedules and the real property records.

Under Section 363(b) of the Bankruptcy Code, the Trustee has the legal authority to sell property of the Debtor's estate. While the perceived lack of equity in the Debtor's home does not deprive the Trustee of the right to seek to sell the home, the Trustee bears the burden of obtaining approval of the proposed sale from the Bankruptcy Court. Under the test set forth by the Second Circuit in *Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983), the Trustee must articulate a business reason for conducting the sale. The Trustee's judgment is entitled to deference from the Court, but the Trustee is charged with meeting this standard before the Court may approve the sale.

In this case, the Trustee asserts that a sale of the Debtor's home would benefit the unsecured creditors as they would receive a substantial recovery from the sale. However, the Trustee's assertion only holds true if the $20,000.00 realized from the sale is not subject to the Debtor's claimed homestead exemption. The Trustee believes that the Debtor has no right to assert his claimed homestead exemption because there is no equity above the amount owed on the mortgage, based on the values set forth in the Debtor's schedules. The Trustee's argument in this case is predicated on the assumption that the mortgage debt exceeds the value of the property and therefore the debtor has no right to the benefit of the homestead exemption. Therefore the $20,000.00 generated by the sale falls to the estate and as such, satisfies the requirements of Bankruptcy Code Section 363. However, the basic argument offered by the Trustee is flawed.

Where an actual sale is to occur, the fair market value is the sale price, not a valuation given by the Debtor in the schedules or any other estimate or appraisal. The very sale proposed by the Trustee establishes that the Debtor's home is not worth less than the debt in that the Purchaser assumes all the debt. The additional $20,000.00 is therefore in addition to the debt, and can be considered equity. This equity clearly is available to the Debtor as part of his claimed homestead exemption. When viewed in this light, the Trustee's proffered business rationale for seeking approval of the sale evaporates. With no other scenario offered to the Court, the Trustee has failed to meet his burden under Section 363(b) and the Motion must be denied.

## Procedural History

On January 25, 2014 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On the same date, the Trustee was appointed in this case. In the Schedules, the Debtor lists his fee simple ownership of his home (the "Premises"). The Debtor also lists the value of the Premises at $405,268.00, and lists "Seterus" as a secured creditor, with a debt in the amount of $518,244.00 secured by a mortgage lien on the Premises. Under Schedule C, the Debtor claimed exemptions pursuant to the federal scheme, as provided in Bankruptcy Code § 522(b)(2). Originally, the Debtor did not claim a homestead exemption in the Premises.

On March 10, 2014, Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Seterus"), filed a motion to vacate the automatic stay as to the Premises, which was granted at a hearing held on April 21, 2014. On March 26, 2014, the Trustee filed a Notice of Discovery of Assets in the case. In the Notice of Discovery of Assets, June 25, 2014 was fixed as the bar date. On March 27, 2014, the Debtor filed an amended Schedule C, and claimed exemptions under section 522(b)(3), which are the applicable state exemptions. The

Debtor claimed a homestead exemption in the amount of $150,000 pursuant to N.Y. CPLR § 5206. The Debtor left the value of the Premises and the amount of Seterus's claim unchanged. To date, the Trustee has not filed an objection to the Debtor's claimed exemptions listed on Schedule C, as amended. The deadline for any party to object to the Debtor's claimed homestead exemption expired on April 26, 2014.

On April 1, 2014, the Trustee filed the Motion. On April 7, 2014, the Debtor filed opposition to the Motion. On April 15, 2014, the Trustee filed a Reply Affirmation in further support of the Motion. On April 18, 2014, the Debtor filed further reply papers. The hearing on the Motion was held on April 23, 2014. At the hearing, the Court denied the Motion and stated that a written decision fully setting forth the basis for Court's decision would follow.

## Discussion

The Trustee seeks approval of the proposed sale of the Premises on the basis that it would generate a significant return for the benefit of the unsecured creditors. Under his analysis, the Debtor's estate is entitled to the entire $20,000.00 realized on the sale, and the unsecured claims in the case total $16,740.00. According to the Trustee, the Debtor is not entitled to any portion of the $20,000.00 because he has no right to claim a homestead exemption. The Trustee avers that the Debtor lost his right to claim a homestead exemption in the Premises because the dollar amount of the mortgage encumbering the Premises exceeds the fair market value of the Premises, based on the Debtor's valuation of the Premises in the Schedules. In support of his argument that the Debtor was no longer entitled to claim the homestead exemption, the Trustee relies on several cases regarding challenges to the homestead exemption in the context of short-sales. In the case of *In re Bunn-Rodemann,* 491 B.R. 132 (Bankr. E.D. Ca. 2013), the Bankruptcy Court granted a Chapter 7 trustee's objection to a debtor's claimed exemption in her

schedules.  The property claimed as exempt was described as any "proceeds, revenues, or concessions conceded to or granted by" the mortgagee of the debtor's real property.  The trustee's objection was two-fold.  First, the property had not been sold as of the petition date, and the debtor had no right to claim an exemption in a potential carve-out which did not exist as of the petition date.  Second, if the trustee were to conduct a short-sale of the property, and the mortgagee did agree to grant to the trustee an "incentive payment" carved out from prospective proceeds of sale otherwise subject to the mortgagee's lien, the incentive payment was not subject to any exemption claimed by the debtor.

The Bankruptcy Court ruled in favor of the Chapter 7 trustee.  The Court in *Bunn-Rodemann*  held that a debtor may not claim an exemption in property which did not exist as of the petition date (in that case, it was the prospective incentive payment the trustee may extract from the mortgagee). The Court in *Bunn-Rodemann* also held that the debtor could not claim an exemption in the "incentive payment" to the extent it would be derived from the sales proceeds subject to the mortgagee's lien.  *Id.* at 136.   Because a short-sale would be taking place, the funds carved out for the estate belonged to the mortgagee and were not estate assets in which the debtor could claim an exemption.  *Id.*

The Trustee also relies on *In re Baldridge*, No. 12-14612, 2013 US Dist LEXIS 58512, \*4 (E.D. Mich. Apr. 24, 2013), *aff'd*,  ___ Fed. Appx. ____, 2014 WL 350076 (Feb. 3, 2014) in support of his argument that the Debtor lost his right to claim a homestead exemption because there is no equity in the Property.  In *In re Baldridge*, the Chapter 7 trustee sought to conduct a short-sale of the debtors' homestead for a purchase price that was less than the amounts owed on the first and second mortgages.  The second mortgagee consented to a carve- out for the benefit of the debtors' estate, and the debtors sought payment on their claimed homestead exemption

from the proceeds generated by the carve-out.  The Bankruptcy Court denied the debtors' claimed exemption and approved the proposed sale on the basis that the sale would result in a benefit to the estate, and the exemption was not applicable where the amount of the liens exceeded the value of the property.  The Bankruptcy Court's decision was ultimately upheld by the Court of Appeals for the Sixth Circuit.  *In re Baldridge*, ___ Fed. Appx. ____, 2014 WL 350076 (Feb. 3, 2014).

The Debtor opposes the Motion, and challenges the Trustee's legal authority to take control of and sell the over-encumbered Premises.  The Debtor reasons that if Chapter 7 trustees were permitted to sell debtors' homes and use the bankruptcy process to evict them from the premises, debtors would lose their right to pursue loan modifications and would lose any defenses to foreclosure they may have under applicable law.  Such sales would violate applicable state and federal laws, and would undermine the use of bankruptcy as a vehicle for giving debtors a fresh start.

The Debtor also asserts that the Trustee's right to administer the Premises does not exist because there is no chance that creditors will receive a distribution from the proposed sale. Because the property in question is entirely encumbered by the mortgage lien, the $20,000.00 falls outside of the Debtor's estate, and cannot be administered by the Trustee.  Finally, the Debtor points to two decisions in this District by Judge Trust; *In re Moltisanti*, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012), and *In re Schneider*, 2013 WL 5979756 (Bankr. E.D.N.Y. Nov. 8, 2013) and decisions in other courts to support his argument that he is entitled to claim his entire homestead exemption despite the lack of equity in the Premises.   In *In re Schneider,* Judge Trust held that debtors must actually claim the homestead exemption in an amount certain in order to seek to avoid non-consensual liens pursuant to § 522(f).  According to

Judge Trust, even when there is no equity in the property above the amount owed under mortgages encumbering the property, the debtor is still required to claim the applicable homestead exemption in order to utilize § 522(f) to avoid judicial liens. The Debtor analogizes that if a debtor must claim a homestead exemption to avoid judicial liens even where there is no equity above the amount owed on the mortgage liens, a debtor retains the right to claim a homestead exemption in the context of a sale of the property. Furthermore, if the Trustee's analysis was correct, then a debtor's right to avoid judicial liens under § 522(f) would be limited to cases where there is equity above the amount owed on the mortgage liens. Because this is not the case, the Trustee's argument fails as a matter of law.

### Analysis

Upon commencement of a bankruptcy case under Chapter 7, the Chapter 7 trustee is the sole representative of the bankruptcy estate, and is charged with the duties of collecting and reducing to money property of the estate. 11 U.S.C. § 704(a)(1). *See In re Zavala*, 444 B.R. 181, 189 (Bankr. E. D. Cal. 2011). Included among the Chapter 7 trustee's rights is the right to sell property of the estate. Section 363(b) of the Bankruptcy Code provides as follows:

> (1)    The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363.

Property of the estate "consists of all of the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

In this case, upon the filing of the petition, the Debtor's legal interest in the Premises became property of the bankruptcy estate. The Premises remain property of the bankruptcy estate until the Premises are abandoned by the Trustee or the case is closed. 11 U.S.C. § 554(d). Because the Premises constitute property of the Debtor's estate, the Trustee is vested with the right to sell the Property. However, this right to sell property of the estate is not unfettered. The Court of Appeals for the Second Circuit set forth the standard for approving a sale of a debtor's property in *Equity Sec. Holders v. Lionel Corp., (In re Lionel)*, 722 F.2d 1063 (2d Cir. 1983) ("*Lionel*"). The standard enunciated in *Lionel*, which has been widely adopted in many jurisdictions for both Chapter 7 and Chapter 11 cases is the business judgment test. *Id.*; *see also In re Global Crossing Ltd.*, 295 B.R. 726, 742-43 (Bankr. S.D.N.Y. 2003). Under this test, the Trustee has the burden of establishing that there are sound business reasons for approving the proposed sale terms. *In re Bakalis,* 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998); *In re Diplomat Construction, Inc.*, 481 B.R. 215, 219 (Bankr. N.D. Ga. 2012). Once adequately established, the Trustee's business judgment should be given proper deference. *In re Diplomat Construction, Inc.*, 481 B.R. at 219.

As required by the Bankruptcy Code and applicable case law, the Trustee has given his reasoning for the proposed sale. Under his analysis, the Debtor's estate stands to gain $20,000.00 from the sale of the Premises. Therefore, the sale would result in a substantial benefit to the unsecured creditors of the Debtor. If this were true, the Court would grant the Motion as the Trustee would have satisfied his statutory burden. However, the Debtor has claimed a homestead exemption pursuant to the N.Y. CPLR in the amount of $150,000.00. If the Debtor is entitled to payment for his claimed homestead exemption, the Trustee's proffered

justification for the sale would cease to exist as the sale would generate no benefit to the creditors.

While the Trustee has not timely objected to the Debtor's claimed homestead exemption, the Trustee asserts that there is no equity from which the Debtor's homestead exemption could be paid. His analysis is based on using the value of the Premises and the amount of the mortgage debt listed in the Schedules. However, by adopting the value given by the Debtor in his Schedules, the Trustee's analysis produces a flawed result. In this case, the price the Purchaser is willing to pay, not the Debtor's schedules, determines the value of the Property. *See In re Urban Communicators PCS Limited Partnership,* 379 B.R. 232, 243 (Bankr. S.D.N.Y. 2008), *aff'd in part, rev'd in part on other grounds,* 394 B.R. 325 (S.D.N.Y. 2008). The Purchaser is willing to take the Premises subject to the existing mortgage debt, plus pay $20,000.00. This is not a carve-out from the mortgagee on a short sale, but an additional $20,000.00 realized by the Debtor's estate from the sale. Therefore, the value of the Premises is the dollar amount of the mortgage debt plus $20,000.

The Debtor's right to claim the homestead exemption, along with the dollar amount to be claimed, was fixed as of the Petition Date. *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316, 1320 (9th Cir. 1992). However, the extent to which the Debtor is entitled to be paid on account of his claimed homestead exemption is governed by the actual sale price. *Schwab v. Reilly*, 560 U.S. 770, 783 (2010). In *Schwab v. Reilly*, the Supreme Court recognized that the scope of a debtor's claimed exemption in specific property does not vary based on a change in value from the amount listed in the schedules, and a claimed exemption does not exempt the property itself. The value given in Schedule C is simply an aid for the chapter 7 trustee to use when evaluating whether an asset should be sold for the benefit of the estate. 560 U.S. at 785. In the case of

*Schwab v. Reilly*, the Chapter 7 trustee filed a motion to sell the debtor's business equipment, which was denied by the Bankruptcy Court because the Bankruptcy Court found that the proposed sale, in an amount that exceeded the value of the equipment listed in the Schedules, would generate no benefit to the estate. The Bankruptcy Court reasoned that the debtor properly exempted the entire value of the equipment when she listed what she believed to be the entire value of the equipment as her claimed exemption, and would not be held to the specific dollar amount listed in Schedule C. The Bankruptcy Court's decision was ultimately reversed by the Supreme Court on the basis that there was equity in the property for the Chapter 7 trustee to administer, which would inure to the benefit of the bankruptcy estate. The Supreme Court made this finding on the basis that the debtor' claimed exemption in business equipment was limited to the specific dollar amount listed in Schedule C.

*Schwab v. Reilly* serves to clarify that the value of property as listed in the schedules is not dispositive of whether a debtor is entitled to a claimed exemption. The dollar amount of the claimed exemption remains static, but the value of the property in which an exemption is claimed can vary widely from the stated value in the schedules, and the proposed sale price determines the extent to which the Debtor is entitled to receive payment on account of a claimed exemption.

In this case, the Debtor's claimed homestead exemption in the amount of $150,000 went unchallenged. The $20,000.00 realized from the sale does not constitute a carve-out, and is not subject to the mortgage lien.[1] The Debtor's homestead exemption exists, and any proceeds from the sale will first be applied towards the Debtor's homestead exemption. Because the creditors

---

[1] The Court declines to determine whether to follow *Bunn-Rodemann*, *In re Baldridge*, ___ Fed. Appx. ___, 2014 WL 350076 (6th Cir. Feb. 3, 2014) and similar cases holding that a carve-out from a short sale is not subject to a debtor's claimed exemption. *See In re Wilson*, 494 B.R. 502, 506 (Bankr. C.D. Ca. 2013) (taking opposing view).

of the Debtor will receive no benefit from the proposed sale, there is no business justification for granting the Motion.

## Conclusion

Since the estate will not realize any monetary benefit from the proposed sale of the Premises, the Trustee has failed to meet his burden pursuant to *Lionel* and its progeny. The Court shall enter an order denying the Motion.

Dated:  Central Islip, New York
       May 20, 2014                By: */s/ Robert E. Grossman*
                                             Robert E. Grossman,
                                             United States Bankruptcy Judge